UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHLEEN FARINAS and <br> GEORGE & FARINAS, LLP, <br><br> Plaintiffs <br><br> v. <br><br> LINDA GEORGE, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 1:21-CV-00448 RLM-DLP <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER

Kathleen Farinas and Linda George were partners in the law firm of George & Farinas, LLP. Ms. Farinas filed a complaint for judicial dissolution of the partnership, appointment of a receiver, and damages in Marion County Superior Court. She named herself and George & Farinas, LLP as plaintiffs and Ms. George as defendant. Ms. George filed a "Notice of Dismissal of Complaint on Behalf of George & Farinas, LLP" in state court on February 9. Ms. George treats her notice as an automatic dismissal, but both the state court and this court construe it as a motion to dismiss. The Marion County Superior Court set a hearing on the notice of dismissal for March, but the hearing never took place because Ms. George removed the action to this court on the basis of diversity jurisdiction in February. Ms. George contends in the notice that only she, and not plaintiff Ms. Farinas, is the person with authority to act on behalf of the LLP, but she doesn't offer any evidence to support that position.

Indiana Rule of Trial Procedure 41 doesn't anticipate the unusual circumstance in which a defendant enters a lawsuit and asserts the authority to voluntarily dismiss a complaint on behalf of one of the plaintiffs. The rule says a *plaintiff* may voluntarily dismiss an action "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs" or "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Ind. R. Trial P. 41(A)(1). Ms. George's notice doesn't fall into either category. It was within the Marion County Superior Court's authority to rule on the defendant's notice of dismissal, and the court wasn't required to give the notice immediate effect rather than inquiring into the unusual factual scenario set forth in the notice.

Ms. Farinas responded to the notice of dismissal in this court on March 4. She alleges that because George & Farinas, LLP is a citizen of both California and Indiana – and because the state court didn't automatically accept Ms. George's Rule 41 notice – the LLP is still party to this litigation, so complete diversity of citizenship doesn't exist and the case should be remanded to state court.

"Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." Evers v. Astrue, 536 F.3d 651, 657 (7th Cir. 2008). Defendants in a state court case can remove the action to federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court has jurisdiction based on diversity of citizenship if the parties are citizens of different states and the

amount in controversy is more than $75,000. 28 U.S.C. § 1332(a). A partnership has the citizenship of every partner for the purposes of establishing diversity jurisdiction. Dvorak v. Granite Creek GP Flexcap I, LLC, 908 F.3d 248, 250 (7th Cir. 2018).  The notice of removal alleges that Ms. Farinas is a citizen of Indiana and Ms. George is a citizen of California. Accordingly, George & Farinas, LLP is a citizen of California and Indiana.

The court must remand a case if it appears that the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 758 (7th Cir. 2009) (*citing* Doe v. Allied–Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993)). The parties aren't citizens of different states, so the court lacks subject-matter jurisdiction over this action. 28 U.S.C. § 1332.

Accordingly, the court STRIKES the notice of removal and REMANDS the action to Marion County Superior Court, Cause No. 49D01-2101-PL-003265.

SO ORDERED.

ENTERED:  May 3, 2021


　　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Judge, United States District Court

Distribution:  All electronically registered counsel of record.